## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**JEFFERY JOHNSON**                                                                           **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 3:21-CV-P410-GNS**

**SGT FULTON** *et al.*                                                                   **DEFENDANTS**

## MEMORANDUM OPINON AND ORDER

This is a *pro se* civil-rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983.  This matter is before the Court for screening of the complaint and amended complaint pursuant to 28 U.S.C. § 1915A and upon a motion for a preliminary injunction/temporary restraining order (DN 17).  For the reasons set forth below, the Court dismiss some claims, allow other claims to proceed, and deny Plaintiff's motion for a preliminary injunction/temporary restraining order (DN 17).

### I.

Plaintiff Jeffery Johnson is incarcerated at Kentucky State Reformatory (KSR).  He initiated this action by filing a handwritten complaint on his own paper (DN 1) and an amended complaint on a Court-supplied form (DN 8).

Plaintiff lists the following as Defendants in this action - Sgt. Fulton; Major St. Clair; Warden Valentine; Deputy Warden Campbell; Ky DOC[1]/KSR; KDOC Commissioner Cookie Crews; John Dunn; and Jeremy Ball.  Plaintiff sues Defendants in both their official and individual capacities.

Plaintiff alleges that Defendant Fulton attempted to have him "assaulted and killed" by informing other inmates at KSR that he was a "snitch" and had "helped law enforcement" in

---

[1] "Ky DOC" presumably stands for the Kentucky Department of Corrections (KDOC).

retaliation for Plaintiff filing a grievance against Defendant Fulton for allegedly pouring water from a cooler on Plaintiff's bed and clothes during a cell search.  Plaintiff alleges that Defendant Valentine placed him on a grievance restriction, which only permitted him to file one grievance every ten days, after he filed the grievance against Defendant Fulton, whom Plaintiff alleges is Defendant Valentine's "favorite officer."  Plaintiff seems to allege that Defendants Campbell, Dunn, Crews, and Ball violated his rights during the grievance process by determining and/or and affirming on appeal that his grievance against Defendant Fulton was "non grievable."  Plaintiff alleges that Defendant St. Clair lied during the investigation of his grievance and said Defendant Fulton poured water from a cooler into the toilet and not on Plaintiff's bed.  Plaintiff additionally alleges that Defendant Fulton's "co-workers" continue to retaliate against him for filing a grievance against Defendant Fulton by filing write-ups against him and taking his "good-time credits away" and that Defendant Fulton continues to retaliate against him by humiliating him and making derogatory comments about his medical conditions.

As relief for these alleged violations of his rights, Plaintiff seeks damages, the expungement of his criminal record, and the initiation of criminal charges against Defendants.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  In order to survive dismissal

for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting

under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991)

### A. Defendant KDOC/KSR and the Official-Capacity Claims

KSR is part of the of the KDOC, which is an agency of the Commonwealth of Kentucky. *See* Ky. Rev. Stat. § 15A.020. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the KDOC. A state and its agencies, such as the KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment, or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781-82 (l978). In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (l979)). "[T]he Eleventh Amendment is a true jurisdictional bar" to such claims. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015).

Plaintiff's official-capacity claims against the KSR Defendants are also subject to dismissal. When state officials are sued in their official capacities for monetary damages, they are not "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim). State officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This Eleventh

Amendment bar remains in effect when State officials are sued for damages in their official capacity.").

For these reasons, the Court will dismiss Plaintiff's claims against the KDOC/KSR and his official-capacity claims against the remaining Defendants for failure to state a claim upon which relief may be granted and for seeking monetary damages from Defendants who are immune from such relief.[2]

### B. Individual-Capacity Claims

#### 1. Defendant Fulton

Based upon Plaintiff's allegation that Defendant Fulton told other inmates that Plaintiff was a "snitch" in attempt to have him assaulted and killed in retaliation for Plaintiff filing a grievance against him, the Court will allow a First Amendment retaliation claim and an Eighth Amendment claim for deliberate indifference to Plaintiff's safety to proceed against Defendant Fulton in his individual capacity.[3]

#### 2. Defendant Valentine

As stated above, Plaintiff alleges that Defendant Valentine violated his rights by placing him on a grievance restriction, which only permitted him to file one grievance every ten days, after he filed the grievance against Defendant Fulton, whom Plaintiff alleges is Defendant Valentine's "favorite officer."

In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was

---

[2] In so doing, the Court observes that Plaintiff's claims for injunctive relief are being dismissed for the reasons set forth below.

[3] Although Plaintiff also claims that Defendant Fulton violated his rights under the Fifth and Fourteenth Amendments, the Court cannot discern their applicability to Defendant Fulton's alleged actions.

motivated, at least in part, by the protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Under the *Thaddeus-X* framework, the filing of a prison grievance is generally constitutionally-protected conduct. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). However, the "Sixth Circuit has repeatedly held that placement on modified access [to filing grievances] does not constitute an adverse action for purposes of a retaliation claim." *Weatherspoon v. Williams*, No. 2:14-cv-108, 2015 U.S. Dist. LEXIS 59081, at *11 (W.D. Mich. May 6, 2015) (citing *Jackson v. Madery*, 158 F. App'x. 656, 660 (6th Cir. 2005)); *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 446 (6th Cir. 2005); *Kennedy v. Tallio*, 20 F. App'x 469, 471 (6th Cir. 2001); *Corsetti v. McGinnis*, 24 F. App'x 238, 241 (6th Cir. 2001)). This is because the right to file institutional grievances without being subject to retaliation extends only to the filing of non-frivolous grievances and "an ordinary person of reasonable firmness would not be deterred from filing non-frivolous grievances merely because he or she had been placed on modified status." *Walker*, 128 F. App'x at 445-46; *see also Moore v. Sergent*, 22 F. App'x 472, 474 (6th Cir. 2001) (upholding a pre-screening process for grievances, noting that "[a]s [the plaintiff] has not been prevented from continuing to file grievances, he has not been subjected to retaliation").

Thus, because Plaintiff continues to have the ability to file grievances despite being placed on a grievance restriction, Plaintiff's retaliation claim against Defendant Valentine fails to state a claim upon which relief may be granted and must be dismissed.

### 3. Defendants Campbell, Dunn, and Crews, and Ball

The Court next turns to Plaintiff's apparent allegation that Defendants Campbell, Dunn, and Crews, and Ball violated his rights during the grievance process by determining and/or affirming on appeal that his grievance against Defendant Fulton was "non grievable." The Sixth

Circuit has held that "there is no inherent constitutional right to an effective prison grievance procedure," *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003), and that the "'denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983.'" *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

In light of this jurisprudence, Plaintiff's claims against Defendants Campbell, Dunn, Crews, and Ball must be dismissed for failure to state a claim upon which relief may be granted.

### 4. Defendant St. Clair

Plaintiff seems to allege that Defendant St. Clair made false statements during the investigation of his grievance. The Sixth Circuit has held that making a false statement in the course of a grievance investigation "is insufficient to state a constitutional violation." *Longmire v. Mich. Dept. of Corr.*, No. 19-1853, 2020 U.S. App. LEXIS 7711, at *10 (6th Cir. Mar. 11, 2020) (citation omitted); *see also Furman v. Unknown Taylor*, No. 1:19-cv-820, 2019 U.S. Dist. LEXIS 203939, at *10-11 (W.D. Mich. Nov. 25, 2019) (holding that an allegedly inaccurate statement in a grievance response fails to state a claim of constitutional dimensions). This claim, therefore, will also be dismissed for failure to state a claim upon which relief may be granted.

### 5. Ongoing Claims

The Court next turns to Plaintiff's claim that Defendant Fulton's "co-workers" continue to retaliate against him for filing a grievance against Defendant Fulton by filing write-ups against him and taking his "good-time credits away; that certain Defendants continue to fail to protect Plaintiff from Defendant Fulton's retaliatory actions; and that Defendant Fulton continues to retaliate against him by humiliating him and making derogatory comments about his medical conditions.

Plaintiff's allegations regarding retaliatory write-ups and the revocation of good-time credits fail to state a claim upon which relief may be granted because he does not specify which Defendant, if any, allegedly took these actions. *See, e.g.*, *Lister v. Allen Oakwood Corr. Inst.*, No. 3:19-cv-1583, 2020 U.S. Dist. LEXIS 40093, at *7-8 (N.D. Ohio Mar. 9, 2020) (dismissing claims where the plaintiff generically alleged unconstitutional actions were committed by "Defendants" or "they" for failure to specify which defendant or defendants violated the plaintiff's rights) (citing *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of § 1983 claim for or failure to state a claim against defendants in their individual capacities where plaintiff did not allege which of the named defendants were personally responsible for the alleged violations of his rights).

Similarly, to the extent that Plaintiff alleges that certain Defendants continue to fail to protect Plaintiff from Defendant Fulton's retaliatory actions, the Court finds that this allegation is too vague and conclusory to state a claim and that it fails to put these Defendants on notice as to Plaintiff's specific claims against them.

Finally, the Court finds that Plaintiff's allegation that Defendant Fulton continues to retaliate against him by humiliating him and making derogatory comments about his medical conditions also fails to state a claim upon which relief may be granted. *See Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002) ("Even if the grievance was not frivolous, [the plaintiff] did not state a claim for retaliation in the form of verbal harassment.  An inmate has no right to be free from verbal abuse, and minor threats do not rise to the level of a constitutional violation.") (citations omitted).

Thus, Plaintiff's claims based upon allegedly ongoing wrongful acts will also be dismissed for failure to state a claim upon which relief may be granted.

### 6. Requests for Injunctive Relief

#### a. Expungement of Record

Plaintiff requests injunctive relief in the form of expungement of his criminal record. However, expungement is not an available remedy under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.).

#### b. Initiation of Criminal Charges

As to Plaintiff's request that Defendants "be criminally charged," "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have the authority to initiate federal criminal charges. *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.").

For these reasons, the requests for injunctive relief set forth in Plaintiff's pleadings must be dismissed.

### IV.

Finally, the Court turns to Plaintiff's motion for a preliminary injunction/temporary restraining order (DN 17).  In this motion, Plaintiff asks the Court to enjoin Defendants Fulton,

Valentine, St. Clair, and Campbell from "Humiliating Intimidation Harassing + Retaliating Against Plaintiff."

The Court must consider four factors in determining whether to issue a temporary restraining order (TRO) or preliminary injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable harm; (3) whether the TRO or preliminary injunction would substantially harm third parties; and (4) whether the TRO or preliminary injunction would serve the public interest. *York Risk Servs. Grp.*, *Inc. v. Couture*, 787 F. App'x 301, 304 (6th Cir. 2019). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other grounds by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 U.S. Dist. LEXIS 16095, at *4 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379-HRW, 2010 U.S. Dist. LEXIS 126890, at

*11-12 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distributors of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council*, *Inc.*, 555 U.S. 7, 22, (2008)).

Plaintiff has not shown that the issuance of a TRO or preliminary injunction is warranted. The Court dismissed Plaintiff's claims of ongoing retaliation above for failure to state a claim upon which relief may be granted, and the conclusory allegations of retaliation set forth in the motion itself are vague. Thus, Plaintiff has failed to establish a substantial likelihood of success on the merits of his constitutional claims or that he will suffer irreparable harm absent a preliminary injunction. The third and fourth elements also weigh against granting preliminary relief. The Court's intervention in internal prison operations without an urgently compelling and extraordinary reason is viewed as against the public interest. *Lang v. Thompson*, 2010 U.S. Dist. LEXIS 126890, at *19 ("[J]udicial interference is necessarily disruptive, and absent a sufficient showing of a violation of constitutional rights, the public welfare suffers if such extraordinary relief is granted in the prison context.").

Thus, the Court will deny Plaintiff's motion for a preliminary injunction/TRO (DN 17).

### V.

For the reasons set forth above, **IT IS HEREBY ORDERED** that **Plaintiff's claims against the KDOC/KSR and his official-capacity claims against the other Defendants** are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that **Plaintiff's individual-capacity claims against Defendants St. Clair, Valentine, Campbell, Crews, Dunn, and Ball** are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. **Because no claims remain against these Defendants or KDOC/KSR, the Clerk of Court is DIRECTED to terminate them as parties to this action**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction/TRO (DN 17) is **DENIED**.

The Court will enter a separate Service and Scheduling Order to govern the claims it has allowed to proceed against Defendant Fulton.

Date:  December 6, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4416.011

12